UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 21-099-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 5: 24-281-DCR |
| V. | ) | |
| | ) | |
| DEANGELO DEVON GRANT, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant/Movant. | ) | |

*** *** *** ***

The indictment returned in this matter on September 2, 2021, charged Defendant/Movant Deangelo Grant with conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine (Count 1) and possessing with the intent to distribute 500 grams or more of the same substance (Count 2). Following an unsuccessful motion to suppress, Grant entered an unconditional guilty plea on April 1, 2022, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.[1] Grant entered his plea without the benefit of a written plea agreement with the government.

Following sentencing, Grant filed a direct appeal with the United States Court of Appeals for the Sixth Circuit, arguing that this Court: (i) imposed a procedurally unreasonable sentence by applying an incorrect base offense level in calculating his guideline range; and (ii) failed to properly weigh and consider the relevant sentencing factors under 18 U.S.C. § 3553(a). However, the Sixth Circuit rejected both arguments in an unpublished decision filed

---

[1] By entering a knowing and voluntary unconditional guilty plea, Grant waived any direct challenge on appeal of his motion to suppress. *See United States v. Keys*, 2009 WL 5033922 (6th Cir. 2009); *see also* Rule 11(a)(1)(2), Fed. R. Crim. P.

April 18, 2023, and affirmed this Court's Judgment which imposed a 264-month term of imprisonment for Grant's admitted criminal conduct.  [Record No. 97]

Grant returned to this Court on October 10, 2024, with the filing of his current motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[2]  [Record No. 101] Thereafter, the motion was referred to a United States Magistrate Judge for issuance of a Report and Recommendation pursuant to local practice.  On April 18, 2025, United States Magistrate Judge Candace J. Smith issued a Report and Recommendation, recommending that Grant's motion be denied, that his request for an evidentiary hearing be denied, and that a Certificate of Appealability not be issued.  [Record No. 113]  More specifically, Magistrate Judge Smith concluded that Grant's trial counsel, Noah Friend, did not provide ineffective assistance under the standards outlined in *Strickland v. Washington*, 466 U.S. 668 (1984).  In relevant part, she correctly determined that Friend did *in fact* argue the points that Grant claims he did not argue in connection with his unsuccessful motion to suppress evidence in the case. Grant's claims to the contrary are unfounded.  And the fact that an argument is made, but rejected by the Court, does not constitute ineffective assistance of counsel.

Next, as the Magistrate Judge correctly noted in her Report and Recommendation, Grant's second argument was litigated on appeal but rejected by the Sixth Circuit.  Grant may not now attempt to relitigate this issue under the guise of 28 U.S.C. § 2255.  [*See* Report and Recommendation and cases cited therein at p. 14; Record No. 113.]

---

[2]   The United States Supreme Court denied Grant's petition for a writ of certiorari on October 2, 2023.  [Record No. 100]  His current motion is signed and dated September 30, 2024.  Thus, it appears to be timely filed under the prison mailbox rule.

The undersigned also agrees fully with Magistrate Judge Smith's conclusion that an evidentiary hearing is not warranted under the fact presented. Grant's allegations do not raise a possibility of relief and his factual assertions are clearly contradicted by the record. Simply put, there is nothing in the record to indicate that Grant would be able to prove his allegations if an evidentiary hearing were afforded to him. *Amr v. United States*, 280 F.App'x 480, 485 (6th Cir. 2008); *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

Likewise, the undersigned will not issue a Certificate of Appealability on any issue raised by Defendant Grant. He has not made a substantial showing of the denial of any constitutional right and reasonable jurists would not find this Court's assessment of his constitutional claims debatable or wrong under the standard set out in *Slack v. McDaniel*, 529 U.S. 473 (2000).

Finally, the Court notes that, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the undersigned has fully reviewed this matter *de novo* but fully agrees with every conclusion of United States Magistrate Judge Smith regarding the issues and arguments made by Defendant Grant. As outlined more fully in the record of this proceeding and as summarized in Magistrate Judge Smith Report and Recommendation: (1) on or about August 16, 2021, law enforcement had probable cause to effect the traffic stop and conduct a search of the vehicle in which Grant was a passenger; (2) Grant's trial attorney was not ineffective in arguing that evidence from the traffic stop be suppress, notwithstanding the fact that he was unsuccessful regarding the motion to suppress; (3) Grant's claim that his attorney did not make relevant arguments regarding the motion to suppress is false; (4) Grant entered a knowing and

voluntary guilty plea without the benefit of a written plea agreement; (5) Grant's indictment was not "constructively amended" by virtue of the fact that the Base Offense Level for his guideline range for incarceration under the United States Sentencing Guidelines was calculated using an actual methamphetamine conversion factor; (6) Grant's "constructive amendment" argument was made and rejected on direct appeal and he may not use 28 U.S.C. § 2255 to re-litigate that issue; (7) the United States did not breach any agreement with Grant by arguing for an offense level calculation based on actual methamphetamine; (8) Grant is not entitled to an evidentiary hearing on any issue; and (9) a Certificate of Appealability should not issue on any issue. Accordingly, being sufficiently advised, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Candace J. Smith [Record No. 113] is **ADOPTED IN FULL** and **INCORPORATED** here by reference.

2. Defendant/Movant Deangelo Grant's motion filed pursuant to 28 U.S.C. § 2255 [Record No. 101] is **DENIED**.

3. The collateral proceeding filed by Defendant/Movant Deangelo Grant [Civil Action No. 5: 24-281-DCR] is **DISMISSED** and **STRICKEN** from the docket.

4. The Court will not issue a Certificate of Appealability on any issue raised by Defendant/Movant Deangelo Grant.

Dated: May 6, 2025.



Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky